**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

JASON FITZGERALD )
)
   Appellant-Petitioner, )
  v. )  ID No. 23X-00700
)
STATE OF DELAWARE, )
)
   Respondent. )
)

Date Submitted: December 8, 2023
Date Decided: January 3, 2024

## <u>ORDER</u>

Upon consideration of Petitioner Jason Fitzgerald's ("Fitzgerald") Appeal from the Commissioner's Order Denying Expungement ("Appeal"), the State's Response, statutory and decisional law, and the record, **IT APPEARS THAT:**

(1) On November 8, 2021, Fitzgerald pled guilty to Attempted Assault Second Degree and was sentenced that same day to 8 years at Level V suspended for one year Level III probation.

(2) On April 6, 2022, Fitzgerald appealed his conviction to the Delaware Supreme Court where it was dismissed as untimely on April 21, 2022.[1]

(3) On March 8, 2022, Fitzgerald filed a Petition for Expungement of Criminal Record ("Petition") in which he claimed he was "forced to take a plea" due

---

[1] *Fitzgerald v. State*, 2022 WL 1211533, at *1 (Del. Apr. 21, 2022).

to COVID-19 and the threat of homelessness. He also claimed he suffered a "wrong conviction" which resulted in failed background checks and an inability to find employment.

(4)     The State filed another response to Fitzgerald's Petition on August 3, 2023, claiming Fitzgerald was statutorily ineligible for expungement pursuant to 11 *Del. C.* § 4374(a)(3) and 11 *Del. C.* § 4374(b)(1).

(5)     On October 31, 2023, after reviewing the Petition and State's response, the Commissioner issued an order denying Fitzgerald's Petition on the basis that it is statutorily barred.

(6)     On November 8, 2023, Fitzgerald appealed the Commissioner's Order once again arguing that because his plea was coerced and his conviction was "wrongful," his Petition should be granted.

(7)     The State filed a response on December 8, 2023, reiterating its argument that Fitzgerald is statutorily barred from expungement.

(8)     Under Superior Court Civil Rule 132(a)(4)(iv), the Court will engage in a *de novo* review of a case-dispositive order issued by a commissioner.[2] *De novo* review will be given to any "specified portions, proposed findings of fact, or recommendations to which an objection is made."[3]

---

[2] Super. Ct. Civ. R. 132(a)(4)(iv).
[3] *New Castle County v. Kostyshyn*, 2014 WL 1347745, at *1 (Del. Super. Apr. 4, 2014).

(9)    Under 11 *Del. C.* § 4374(a)(3), a defendant may petition the court for an expungement if they were "convicted of a felony or at least 7 years have passed since the date of conviction or the date released from incarceration, whichever is later, and the person has no prior or subsequent convictions."[4]

(10)    Fitzgerald was convicted and released in 2022, making his Petition for expungement unripe and statutorily barred under 11 *Del. C.* § 4374(a)(3).

(11)    Further, Fitzgerald was convicted of Assault Second Degree which is a Title 11 Felony listed under 11 *Del. C.* § 4201(c), making him ineligible for any discretionary expungement by the Court.[5]

(12)    Fitzgerald is statutorily barred from expungement under 11 *Del. C.* § 4374(a)(3) and 11 *Del. C.* § 4374(b)(1), and therefore the Commissioner's Order must be affirmed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Commissioner's Order Denying Expungement is **AFFIRMED**.

**IT IS SO ORDERED.**

_/s/ Jan R. Jurden_
Jan R. Jurden, President Judge

---

[4] 11 *Del. C.* § 4374(a)(3).
[5] 11 *Del. C.* § 4374(b)(1).

3

cc:    Original to Prothonotary
       Allison Abessinio, DAG
       Jason Fitzgerald